HENRY J. MELOSH ET AL., AS PARTNERS, ETC., PLAINTIFFS-APPELLEES, v. HARRY F. O'MEALIA ET AL., AS ADMINISTRATORS OF THE ESTATE OF JAMES F. O'MEALIA, DECEASED, AND EDWILDA O'MEALIA, INDIVIDUALLY, DEFENDANTS-APPELLANTS.

Argued May term, 1924—Decided October term, 1924.

Contracts—Fees of Attorneys-at-Law—Action Against Defendant Personally and as Administrator—Allegations of Error Considered But Not Sustained—Services Were Rendered Charges Reasonable.

On rule to show cause, Hudson Circuit.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *J. Raymond Tiffary.*

*Contra, Melosh, Morton & Melosh.*

PER CURIAM.

This action was brought by the plaintiffs, who were attortorneys-at-law, to recover for legal services and expenses. The action was brought against the defendant Mrs. O'Mealia, both as administratrix of James F. O'Mealia and individually, and resulted in a verdict for the plaintiff against the estate in the sum of $539.80 against the defendant as an individual, and $171.38 as administratrix.

It is urged as error that the damages are contrary to the evidence, and excessive. The uncontradicted evidence disclosed that the services were rendered, and that the prices charged were reasonable. The services were somewhat involved, because the defendant obtained the plaintiffs' services upon various occasions, some of which undoubtedly were for individual matters, and others for her as administratrix. The plaintiff Mr. Melosh was carefully examined as to the proper apportionment of the various items of charge, and from this testimony, and from the testimony of the defendant herself, it would appear that much of the service rendered was given to the defendant upon her individual account, and not upon matters related to the estate or those interested in it. We are inclined to think that the apportionment of the charge, and the consequent verdict in this respect, should not be disturbed.

It is also urged that the court should have directed a verdict for the defendants. This position seems to be equally untenable. The ground of the contention is that the two bills are so intermingled that they cannot be regarded as a bill to either the estate or to the defendant individually. While it is probably true that for charity's sake the plaintiffs should have gone as far as possible in the direction of apportioning the account, yet it is equally clear that this was a difficult matter to determine, intermixed, as the services were, and the services could be better segregated by the de-

fendant herself, who was in a position to know her own reasons and motives in obtaining the service. If the services were obtained for the purpose of enhancing the property in the estate itself, or protecting it, they were properly chargeable to the estate itself, but otherwise they were obviously her personal account, and defendant best knew the purpose for which she was obtaining the service. This contention, therefore, is without merit.

It may also be observed in this connection that it was conceded by the counsel for the rule that some of the items could be sued for without the presentation of any bill, and, such being the fact, neither a nonsuit nor a direction of a verdict would be legally justified. *Wescott* v. *Baker,* 83 *N. J. L.* 460; *Brown* v. *Harriott,* 81 *Id.* 484.

The rule will be discharged.